# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA GUTIERREZ AND | § | |
| JOSH JACKSON | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ___ |
| | § | JURY TRIAL DEMANDED |
| J.B. HUNT TRANSPORT, INC. AND | § | |
| ANTWANN FORDHAMM | § | |
|     *Defendants*. | § | |

## DEFENDANTS' INDEX OF MATTERS BEING FILED

Pursuant to Local Rule CV-81, Defendants hereby attach this Index of Matters Being Filed to its Notice of Removal.

**Exhibit 1:**    All Executed Process:

- Executed Return of Service on J.B. Hunt Transport, Inc. on October 5, 2021;

**Exhibit 2:**    All State Court Pleadings:

- Plaintiff's Original Petition filed August 31, 2021
- Defendant J.B. Hunt Transport, Inc.'s Original Answer and Jury Demand filed October 8, 2021

**Exhibit 3:**    State Court Docket Sheet

**Exhibit 4:**    List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

10/6/2021 8:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57915428
By: Tammy Tolman
Filed: 10/6/2021 8:58 AM

## CAUSE NUMBER: 2021-55923

**JESSICA GUTIERREZ AND JOSH
JACKSON
PLAINTIFF**

**IN THE 190TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**JB HUNT TRANSPORTATION INC AND
ANTWANN FORDHAMM
DEFENDANT**

### RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday September 29, 2021 AT 09:39 AM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **JB HUNT TRANSPORTATION INC (A FOREIGN CORPORATION ) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**.

On **Tuesday October 05, 2021** at **10:26 AM -** The above named documents were hand delivered to: **JB HUNT TRANSPORTATION INC (A FOREIGN CORPORATION ) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY @ 211 E 7TH STREET, SUITE 620**, AUSTIN, TX 78701, **in Person.** By delivering to Samantha Guerra, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                              DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/21/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX 77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Tuesday October 05, 2021**

 **/s/D'ANN WATHEN**                        PSC#6602 EXP. 06/30/21
Declarant                                        Appointed in accordance with State Statutes

2021.09.594321

# EXHIBIT 2

8/31/2021 11:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56849469
By: Patricia Jones
Filed: 8/31/2021 11:55 PM

NO. _____

| | | |
|---|---|---|
| JESSICA GUTIERREZ | § | IN THE DISTRICT COURT |
| and JOSH JACKSON | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| JB HUNT TRANSPORT, INC. and | § | |
| ANTWANN FORDHAMM | § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** JESSICA GUTIERREZ and JOSH JACKSON ("Plaintiffs"), and file this Original Petition against JB HUNT TRANSPORT, INC. and ANTWANN FORDHAMM ("Defendants") and in support would show the following:

### DISCOVERY LEVEL

1.     Plaintiffs affirmatively plead that they seek monetary relief over $1,000,000 and intend that discovery be conducted under Discovery Level 2.

### PARTIES

2.     Plaintiffs, JESSICA GUTIERREZ and JOSH JACKSON are residents of Harris County, Texas.

3.     Defendant, JB HUNT TRANSPORT, INC., is a foreign corporation doing business in the state of Texas and may be served with process by serving its agent for service of process, Corporation Service Company at 211 E 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant, ANTWANN FORDHAMM, is an Individual who is a resident of Texas and may be served with process at his home at the following address:  1603 Midlake Dr., Cedar Hill, Texas 75104, or wherever Defendant may be found.

### VENUE

5.     Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the

Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

6.      On or about April 15, 2021, Plaintiffs were traveling directly behind Defendant Fordhamm when suddenly and without warning, Defendant, ANTWANN FORDHAMM, who was driving a tractor-trailer owned by Defendant, JB HUNT TRANSPORT, INC., backed unsafely when leaving a private drive and  violently crashed into the vehicle Plaintiffs were in. As a result of this collision, Plaintiffs were injured.

## CAUSES OF ACTION

7.      Defendant, ANTWANN FORDHAMM, was negligent in the operation of the tractor-trailer.  Specifically, Defendant, ANTWANN FORDHAMM, was negligent in one or more of the following respects:

a)      failing to control his speed;

b)      failing to control the vehicle he was driving;

c)      failing to timely apply brakes; and

d)      failing to keep a proper lookout.

Each of the foregoing acts, alone or in combination with the others, constitutes negligence and a violation of Defendant's duty of care to Plaintiff, which proximately caused the occurrence in question, and Plaintiff's damages.

8.      At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ANTWANN FORDHAMM, was within the course and scope of employment for Defendant, JB HUNT TRANSPORT, INC.. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, ANTWANN FORDHAMM, was engaged in the furtherance of Defendant JB HUNT TRANSPORT, INC.'s business. At the time of the occurrence

2

of the act in question and immediately prior thereto, Defendant, ANTWANN FORDHAMM, was engaged in accomplishing a task for which Defendant, ANTWANN FORDHAMM, was employed. Plaintiffs therefore invoke the doctrine of *respondeat superior* as Defendant JB HUNT TRANSPORT, INC. is vicariously liable for the negligence of Defendant, ANTWANN FORDHAMM.

## DAMAGES FOR PLAINTIFFS, JESSICA GUTIERREZ AND JOSH JACKSON

9.      As a proximate result of the negligence of Defendants, Plaintiffs were injured. Further, to the extent, if any, that Plaintiffs suffered from any pre-existing condition, if any, the collision aggravated the pre-existing condition to the point that it became symptomatic or more symptomatic than it was before the collision.   The negligence of Defendants have proximately caused Plaintiffs to suffer the following elements of damages in the past and Plaintiffs will, in all reasonable probability, continue to suffer such elements of damage in the future:

    A.      The physical pain and mental anguish in the past and future;

    B.      The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

    C.      Physical impairment in the past and future;

    D.      The physical pain and suffering in the past and future; and

    E.      lost wages and loss of earning capacity.

Plaintiffs have suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiffs have suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future.  Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiffs with the inalienable fundamental right to have their case heard and decided by a jury of their peers at trial. In accordance with these fundamental rights it will ultimately be the responsibility and province of a jury of Plaintiffs' peers to decide

3

the economic value of the damages Plaintiffs suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiffs are required by law to state the maximum amount of damages they are seeking, Plaintiffs believe that when the totality of their damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that each Plaintiff's damages exceed one million dollars.

## JURY DEMAND

10.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs demand trial by jury.

## RULE 193.7 NOTICE

11.     You are hereby given notice pursuant to T.R.C.P. Rule 193.7 of Plaintiffs' intent to offer any and all documents produced by Defendant(s) in response to any discovery request as evidence in any pretrial proceeding or at trial.

## REQUIRED INITIAL DISCLOSURES

12.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12 and 194.4. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within (30) days after being served or joined.

## NOTICE OF DESIGNATED E-SERVICE EMAIL ADDRESS

13.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): **eservice@taylortxlaw.com**. As such, this is the ONLY electronic service email address and the undersigned counsel does not accept service through any other email address.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to

appear and answer herein and that on final trial Plaintiffs have judgment against Defendants for:

1) damages in an amount in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion;
2) pre-judgment interest at the highest rate allowed by law;
3) post-judgment interest at the highest rate allowed by law;
4) costs of Court; and
5) such other and further relief to which Plaintiff may be justly entitled.

Plaintiffs further pray for the issuance of the above-described temporary restraining order and

temporary injunction, and for any other relief in law or equity to which Plaintiffs may be entitled.


Respectfully submitted,



_/s/ Rasheed Taylor_
Rasheed Taylor
Texas Bar No. 24071272
TAYLOR LAW FIRM
2616 South Loop W., Suite 608
Houston, Texas 77054
Tel:  (713) 487-5134
Fax:  (866) 946-3048
Email: rasheed@taylortxlaw.com
**ATTORNEY FOR PLAINTIFFS**

Case 4:21-cv-03309   Document 1-1   Filed on 10/08/21 in TXSD   Page 11 of 22

10/8/2021 3:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58031785
By: Wanda Chambers
Filed: 10/8/2021 3:39 PM

CAUSE NO. 2021-55923

| | | |
|---|---|---|
| JESSICA GUTIERREZ | § | IN THE DISTRICT COURT |
| AND JOSH JACKSON | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| J.B. HUNT TRANSPORT, INC. AND | § | |
| ANTWANN FORDHAMM, | § | |
| *Defendants.* | § | |
| | § | 190TH JUDICIAL DISTRICT |

# DEFENDANT J.B. HUNT TRANSPORT, INC.'S ORIGINAL ANSWER

## I.    GENERAL DENIAL

1.    Defendant J.B. Hunt Transport, Inc. ("Defendant") denies each and every, all and singular, material allegations contained within the pleadings and any amendments or supplements thereto of Plaintiffs Jessica Gutierrez and Josh Jackson and demand strict proof thereof.

## II.    INFERENTIAL REBUTTAL INSTRUCTIONS

2.    Defendant assert the following by way of inferential rebuttal and request the Court instruct the jury as follows:

a.    **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as alleged by Plaintiff  were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to Defendant, that destroyed any causal connection between the alleged acts or omissions of Defendant and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

b.    **Sole Proximate Cause**. The act(s) or omission(s) of another person, including Plaintiffs or another entity was the sole cause of the damages alleged by Plaintiffs.

    c.    **Unavoidable Accident**. The incident was an unavoidable accident, casualty or misfortune over which Defendant had no control.

    d.    **Sudden emergency.** At the time of the accident in question, Defendant were faced with a sudden emergency to which Defendant reacted as would a person of ordinary prudence under the same or similar circumstances.

    e.    **Prior and/or Subsequent Injuries/Conditions**. Plaintiffs' claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiffs' claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of Defendant.

### III.  AFFIRMATIVE DEFENSES

3.    By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

    a.    **Comparative Negligence-Responsibility.**  Defendant would show the negligence of Plaintiffs and one or more third parties and/or one or more Co-Defendants were/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiffs. Because of Plaintiffs' negligence, Plaintiffs is/are barred, in whole or in part, from a recovery of damages from Defendant. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendant invoke the doctrine of comparative responsibility and would further show Defendant are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiffs and/or any third party and/or any Co-Defendant who caused, contributed or was responsible for the injuries and damages alleged by Plaintiffs.

    b.    **Failure to Mitigate**.  Plaintiffs failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiffs should be reduced to the extent that Plaintiffs has/have failed to take the

reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

c.      **Paid-or-Incurred Medical-Expense Limitation**. Plaintiffs' recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiffs, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

d.      F**ailure to Submit Medical Bills to Medical-Insurance Provider.** Plaintiffs' claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiffs is/are covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

e.      **Credit/Offset**. Defendant is entitled to a credit or offset for all monies or consideration paid to or on behalf of Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs, payments made to and on behalf of Plaintiffs, and any settling person, responsible third-party or any other person or entity not a party to this lawsuit. Defendant claims and are entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105. Thus, Defendant asserts the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

f.      **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiffs must prove Plaintiffs' alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability. Also, Defendant requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs is/are subject to federal and state income taxes.

g.      **Damages Bars and Limitations.**  Plaintiffs' claims for damages are barred, limited, restricted, and/or governed by the provisions of the Tex. Civ. Prac. & Rem. Code Ch. 41 and other applicable law.

h.      **Reservation of Rights.** Defendant hereby gives notice Defendant intends to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend its Answer to assert such defenses.

## IV.      TEX. R. CIV. P.193.7 NOTICE

4.      Pursuant to Tex. Civ. P. 193.7, Defendant hereby gives actual notice to Plaintiffs that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V.      TEXAS RULE OF EVIDENCE 609(f) REQUEST

5.      Defendant requests Plaintiffs, pursuant to Texas Rules of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiffs' intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VI.      JURY DEMAND

6.      Defendant demands a trial by jury and tender the applicable jury fee with this their Answer.

## VII.      RELIEF REQUESTED

7.      Defendant requests:

a.      Plaintiffs take nothing by this lawsuit;

b.      Defendant goes hence with their costs (i.e., their costs be taxed against Plaintiffs) without delay; and

c.    for such other and further relief, both general and special, at law and in equity, to which Defendant may show themselves justly entitled.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027
713.487.2000 / Fax 713.487.2019

By:_____ */s/ Kevin P. Riley*_____
Kevin P. Riley
State Bar No. 16929100
E-mail: kriley@mayerllp.com
Jason M. Gunderman
State Bar No. 24085349
E-mail: jgundermand@mayerllp.com

**ATTORNEYS FOR DEFENDANT
J.B. HUNT TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

I am causing, on October 8, 2021, this document to be served on all counsel of record and pro se parties in compliance with the applicable Rules of Civil Procedure.

Rasheed Taylor
TAYLOR LAW FIRM
2616 South Loop W, Suite 608
Houston, Texas   77054
Email: rasheed@taylortxlaw.com

**ATTORNEY FOR PLAINTIFFS**

☒ E-MAIL AND/OR E-SERVICE
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☐ ECM
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

 */s/ Kevin P. Riley*_____
Kevin P. Riley

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn Keefer on behalf of Jason Gunderman
Bar No. 24085349
kkeefer@mayerllp.com
Envelope ID: 58031785
Status as of 10/8/2021 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Rasheed Taylor | | eservice@taylortxlaw.com | 10/8/2021 3:39:50 PM | SENT |
| Rasheed Taylor | | rasheed@taylortxlaw.com | 10/8/2021 3:39:50 PM | SENT |

# EXHIBIT 3

**HCDistrictclerk.com**    GUTIERREZ, JESSICA vs. JB HUNT TRANSPORT INC    10/8/2021
Cause: 202155923    CDI: 7    Court: 190

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 8/31/2021 | **Court** | 190th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 12) HOUSTON, TX 77002 Phone:8329272300 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Motor Vehicle Accident | | |
| **Next/Last Setting Date** | N/A | **JudgeName** | BEAU MILLER |
| **Jury Fee Paid Date** | 10/8/2021 | **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| GUTIERREZ, JESSICA | PLAINTIFF - CIVIL | | TAYLOR, RASHEED A |
| JB HUNT TRANSPORT INC | DEFENDANT - CIVIL | | RILEY, KEVIN P. |
| JACKSON, JOSH | PLAINTIFF - CIVIL | | TAYLOR, RASHEED A |
| FORDHAMM, ANTWANN | DEFENDANT - CIVIL | | |
| JB HUNT TRANSPORT INC (A FOREIGN CORPORATION) BY SERVING ITS AGENT | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 10/8/2021 | ANSWER | | | 0 | | RILEY, KEVIN P. | JB HUNT TRANSPORT INC |
| 10/8/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/8/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/31/2021 | ORIGINAL PETITION | | | 0 | | TAYLOR, RASHEED A | JACKSON, JOSH |
| 8/31/2021 | ORIGINAL PETITION | | | 0 | | TAYLOR, RASHEED A | GUTIERREZ, JESSICA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | JB HUNT TRANSPORT INC (A FOREIGN CORPORATION) BY SERVING ITS AGENT | 9/28/2021 | 9/29/2021 | 10/5/2021 | | | 73921708 | E-MAIL |
| | 211 E 7TH STREET SUITE 620 AUSTIN TX 78701 | | | | | | | | | |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | FORDHAMM, ANTWANN | 9/28/2021 | 9/29/2021 | | | | 73921710 | E-MAIL |
| | 1603 MIDLAKE DR CEDAR HILL TX 75104 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 98329796 | JB Hunt Answer | | 10/08/2021 | 6 |
| 98264706 | Return of Service | | 10/06/2021 | 1 |
| 98128106 | HCDC Civil Request form - JB Hunt | | 09/28/2021 | 1 |
| -> 98128108 | HCDC Civil Request form - Fordhamm | | 09/28/2021 | 1 |
| 97660780 | PLAINTIFFS' ORIGINAL PETITION | | 08/31/2021 | 5 |

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA GUTIERREZ AND | § | |
| JOSH JACKSON | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ___ |
| | § | JURY TRIAL DEMANDED |
| J.B. HUNT TRANSPORT, INC. AND | § | |
| ANTWANN FORDHAMM | § | |
|     *Defendants*. | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)    A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

        *Plaintiffs*    Jessica Gutierrez and Josh Jackson

        *Defendants*    J.B. Hunt Transport, Inc. and Antwann Fordhamm

        The removed case is currently pending.

(2)    A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

        See attached civil cover sheet and documents attached to Defendant's Notice of Removal as *Exhibit "A."*

(3)    A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **TAYLOR LAW FIRM**<br>Rasheed Taylor<br>State Bar No. 24071272<br>2616 South Loop W, Suite 608<br>Houston, Texas 77054<br>Tel: 713.487.5134<br>Fax: 866.946.3048<br>Email: rasheed@taylortxlaw.com<br><br>**ATTORNEY FOR PLAINTIFFS** | **MAYER LLP**<br>Kevin P. Riley<br>State Bar No. 16929100<br>Federal Bar No. 16929100<br>E-mail: kriley@mayerllp.com<br>Jason M. Gunderman<br>State Bar No. 24085349<br>Federal Bar No. 24085349<br>E-mail: jgundermand@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>*Counsel for Defendant*<br>**J.B. HUNT TRANSPORT, INC.** |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendants have requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

190th District Court of Harris County, Texas
Honorable Beau Miller
201 Caroline, Floor 12
Houston, Texas 77002
T: 832.927-2300