United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **JESSICA GUTIERREZ AND** | § | |
| **JOSH JACKSON,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:21-CV-3309** |
| | § | |
| **J.B. HUNT TRANSPORT, INC. AND** | § | |
| **ANTWANN FORDHAMM,** | § | |
| | § | |
| **Defendants.** | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiffs' Motion to Remand.[2] Based on a thorough review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**.

## I.    BACKGROUND

On or about April 15, 2021, Plaintiffs Jessica Gutierrez and Josh Jackson were stopped in their vehicle when it was struck by Defendant Antwann Fordhamm's tractor-trailer.[3] The tractor-trailer is allegedly owned and/or leased by Defendant J.B. Hunt Transport, Inc ("J.B. Hunt").[4] On August 31, 2021, Plaintiffs filed suit against Fordhamm and J.B. Hunt in Harris County Court.[5]

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 5.)

[2] Dkt. No. 4.

[3] Dkt. No. 1-1 at 7.

[4] *Id.* at 7–8.

[5] *See id.* at 6–10.

Plaintiffs assert state-law causes of action.[6] Before Fordhamm was served, J.B. Hunt removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441.[7] Plaintiffs now move to remand, arguing that this Court does not have subject-matter jurisdiction because the parties are not completely diverse.[8] Both Plaintiffs are citizens of Texas, Fordhamm is a Texas citizen, and J.B. Hunt is a foreign-for-profit corporation.[9] J.B. Hunt responds that because Fordhamm had not been served when it removed the case, diversity jurisdiction existed and removal was proper.[10] J.B. Hunt does not argue that Fordhamm was improperly joined or that he should be dismissed from this case.

## II.     LEGAL STANDARD

A defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (internal quotation omitted). On a motion to remand, the removing party bears the burden of establishing that jurisdiction exists. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown &*

---

[6] *See id.*
[7] Dkt. No. 1.
[8] Dkt. No. 4.
[9] Dkt. No. 1-1 at 6.
[10] Dkt. No. 8 at 1–2.

*Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The "time-of-filing rule" applies, making jurisdiction "depend[ ] upon the state of things at the time of the action brought." *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

## III.   ANALYSIS

J.B. Hunt mainly relies on a Fifth Circuit decision, *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020), approving of "snap removal"—removal before an instate defendant has been served—to overcome the forum-defendant bar to removal. J.B. Hunt argues that, based on the holding in *Texas Brine*, a snap removal also overcomes incomplete diversity. However, the Fifth Circuit made clear that the forum-defendant rule is only "a procedural rule and not a jurisdictional rule." *Id.* at 485. In *Texas Brine*, because the parties were completely diverse, there was "no jurisdictional defect under 28 U.S.C. § 1332(a)." *Id.* As the Fifth Circuit explained, "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* (emphasis added).

J.B. Hunt made an identical argument in *Cox v. J.B. Hunt Transp., Inc.*, No. CV H-20-1454, 2020 WL 3288090 (S.D. Tex. June 17, 2020). Just as Chief Judge Rosenthal stated in *Cox*, "*Texas Brine* does not do what J.B. Hunt asks of this court." *Id.* at *1. Further, Chief Judge Rosenthal addressed and distinguished the same cases cited by J.B. Hunt in its response, noting that the cases involved completely diverse parties or were unpersuasive. *Id.* at 2. J.B. Hunt also cites a number

of cases applying *Texas Brine*; however, these cases also involve completely diverse parties.[11] *See Midwest Health Grp., LLC v. eMDs, Inc.*, No. 1:20-CV-853-LY, 2020 WL 6580446, at *2 (W.D. Tex. Nov. 10, 2020); *Mirman Grp., LLC v. Michaels Stores Procurement Co., Inc.*, No. 3:20-CV-1804-D, 2020 WL 5645217, at *1 (N.D. Tex. Sept. 22, 2020); *Baker v. Bell Textron, Inc.*, No. 3:20-CV-292-X, 2020 WL 5513431, at *1 (N.D. Tex. Sept. 14, 2020); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. CV 4:20-1788, 2020 WL 3962247, at *1 (S.D. Tex. July 13, 2020).

Accordingly, the Court finds that it lacks subject-matter jurisdiction over this action because Plaintiffs and Fordhamm are all citizens of Texas. *See* 28 U.S.C. § 1332; *see also Cox*, 2020 WL 3288090, at 2; *Galindo v. Jackson*, No. CV H-21-1869, 2021 WL 4295128, at *2 (S.D. Tex. Sept. 21, 2021) (remanding a case that was removed prior to service on the non-diverse defendant).

## IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**, and the case be remanded to the 190th Judicial District Court of Harris County, Texas.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant

---

[11] Other cases cited by J.B. Hunt include *Parker v. J.B. Hunt Transp., Inc.*, No. 5:19-CV-969-DAE, 2019 WL 6048002 (W.D. Tex. Sept. 12, 2019) and *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). The court in *Parker* denied remand in a factually similar case. *Parker*, 2019 WL 6048002, at *3. That case is not binding and, because it is contrary to the recent case law holding that snap removal may only occur in "an otherwise removable case," it is not persuasive. *See Cox*, 2020 WL 3288090, at 2. J.B. Hunt cites to *Gebbia* as an example of when remand was denied where a forum defendant was not served until after removal. (Dkt. No. 8 at 3 n.10.) However, *Gebbia* resolved a dispute over the amount in controversy, not service or diversity. *Id.* at 882–83. Moreover, the parties were completely diverse. *Id.* at 881.

to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on January 24, 2022.

Sam S. Sheldon
United States Magistrate Judge